## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 11-23063 |
| DONALD EDWARD ZIMMER ) | |
| and ) | |
| KATHERINE CHRISTINE ZIMMER, ) | Chapter 13 |
| ) | |
| Debtors. ) | |

### RESPONSE TO DEBTORS' MOTION TO DISQUALIFY COHEN MCNEILE & PAPPAS, P.C. FROM REPRESENTING THE FOUNTAINS, LLC

COMES NOW Creditor The Fountains, LLC, by and through counsel, Cohen McNeile & Pappas, P.C., and for its response to Debtors' Motion to Disqualify Cohen McNeile & Pappas, P.C. from Representing The Fountains, LLC (the "Motion") states as follows:

1. On October 11, 2013, Debtors Donald Edward Zimmer and Katherine Christine Zimmer (jointly, the "Debtors") filed their Motion to disqualify the law firm of Cohen McNeile & Pappas, P.C. ("CMP") from representing The Fountains, LLC, a Creditor of the Debtors, in the Debtors Chapter 13 bankruptcy.

2. The Motion is based on the fact that in 2010, Clifford A Cohen, a partner at CMP, was hired by Debtors for the limited purposes of creating a Kansas limited liability company known as Lads & Lassies, LLC and to explain the contents of a proposed lease. However, Mr. Cohen made it abundantly clear to the Debtors that he would not negotiate the terms of the proposed lease due to CMP's representation of The Fountains, LLC. Debtors also requested CMP to draft a Power of Attorney for Mr. Zimmer. *See* Affidavit of Clifford A. Cohen, attached hereto as **Exhibit A**, ¶¶ 4-6.

3. Following the creation by CMP of Lads & Lassies, LLC, Debtors had no further communication or interaction with CMP, and CMP did not represent Debtors, nor their LLC, in any other capacity. **Exhibit A, ¶ 8.**

4. Subsequent to the engagement by Debtors of CMP to form the limited liability company, Lads & Lassies, LLC entered into a Lease Agreement with The Fountains, LLC on or about December 9, 2010.

5. Debtors' each executed a Guaranty for the Lease Agreement with The Fountains, LLC. Mrs. Zimmer executed the Guaranty on Mr. Zimmer's behalf for the Lease Agreement with The Fountains, LLC by virtue of the Power of Attorney.

6. In or around June, 2011, CMP was contacted by attorney Drew Frackowiack, of the firm Wiesner & Frackowiack, LC to inform CMP that he had been retained to represent the Debtors.

7. Upon learning that the Debtors' had retained Drew Frackowiak, and due to CMP's prior limited representation of Debtors in forming Lads & Lassies, LLC, Gregory J. Pappas of CMP contacted Drew Frackowiack to discuss a waiver of any potential conflict of interest arising out of the request by The Fountains, LLC for CMP to represent The Fountains, LLC with regard to the default under the Lease and the Debtors' Chapter 13 Bankruptcy.

8. On June 7, 2011, at 12:41 p.m., Mr. Frackowiack left Mr. Pappas a voicemail stating that he had discussed the potential conflict of interest with his clients (the Zimmers) and they had no objection to CMP representing The Fountains, LLC. (A recording of the June 7, 2011 voicemail will be provided to the Court).

9. Specifically, in the voicemail Mr. Frackowiack stated: "...My clients have no problem with you representing The Fountains in this matter..."

10. In addition to the oral confirmation by Debtors counsel that both <u>clients</u> (Mr. and Ms. Zimmer) had "no problem" with CMP representing The Fountains, LLC, on June 9, 2011, CMP then sent a follow-up letter to Mr. Frackowiack to memorialize and confirm their conversation and the voicemail left by Mr. Frackowiack regarding the Debtors' waiver of the potential conflict of interest.

11. Mr. Frackowiack executed and returned the letter to CMP confirming that his clients, Lads & Lassies, L.L.C., Donald E. Zimmer and Katharine C. Zimmer had all agreed to waive any conflict of interest and had no objection to CMP's representation of The Fountains, LLC. A copy of the June 9, 2011 letter is attached to Debtors' Motion to Disqualify CMP.

12. In pertinent part, the letter, which was signed by Mr. Frackowiack "as Counsel for Lads & Lassies, L.L.C., and Donald Zimmer and Katherine Zimmer" states:

> If you (on behalf of your clients) consent and agree to waive any conflict of interest and agree to this firm's representation of The Fountains, L.L.C., please execute this letter in the space below and return the same to me at your earliest convenience.

13. In accordance with the rules of professional conduct, CMP was not permitted to communicate with the Debtors, as the Debtors were represented by counsel at the time CMP sought the conflict waiver. Accordingly, CMP obtained informed consent from Mr. Frackowiack as agent and attorney for the Zimmers, in writing on June 10, 2011, stating <u>both</u> of his clients agreed to waive any conflict of interest in this matter.

14. KPRC 1.9 Duties to Former Clients, provides:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client **unless the former client gives informed consent, confirmed in writing.**

15. Moreover, KRPC 4.2, Communication With Person Represented by Counsel, provides:

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

16. Debtors filed their Chapter 13 Bankruptcy on September 30, 2011, represented by Drew Frackowiack of the law firm of Weisner & Frackowiack, LC. Weisner & Frackowiack, LC has continued to represent the Debtors throughout the course of the Debtors' Chapter 13 Bankruptcy.

17. On October 17, 2011, Susan P. DeCoursey of CMP filed an Entry of Appearance on behalf of The Fountains, LLC in the Debtors' Chapter 13 Bankruptcy.

18. On November 10, 2011, CMP filed a Proof of Claim in Debtors' Chapter 13 Bankruptcy on behalf of The Fountains, LLC.

19. No objection was filed to CMP's representation of The Fountains, LLC at that time (nearly two years ago to the date), nor has any objection been made to CMP's representation of The Fountains, LLC until October 11, 2013.

20. Although the Debtors have had no objection to CMP representing The Fountains, LLC in this matter for nearly two years, Mrs. Zimmer, in what appears to simply be an overt effort to delay an evidentiary hearing regarding a wrongfully retained tax refund, is now alleging

she never consented to waive the conflict of interest and seeks to have CMP disqualified.

21. The Motion filed on October 11, 2013 was filed by the same law firm which has represented the Debtors since the inception of their bankruptcy, and which is the same law firm that expressly consented, on <u>both debtors'</u> behalf, to waive any potential conflict of interest with CMP in June, 2011.

22. CMP fully complied with KRPC 1.9 and 4.2 in proceeding with the representation of The Fountains, LLC.

23. Debtors have been aware of CMP's representation of The Fountains, LLC throughout the proceeding and failed to raise the issue that Mrs. Zimmer did not agree to the waiver of the conflict of interest until two (2) years later and should now be estopped from doing so.

24. However, even if this Court determines that the waiver provided by Debtors' counsel did not waive any potential conflict of interest in this matter on behalf of the Debtors, CMP should not be disqualified. The court must examine the standard for determining what actually constitutes an actual conflict of interest.

25. In order to disqualify counsel under KRPC 1.9, the Debtors must show: (1) that Debtors and CMP had an attorney-client relationship; (2) that the present litigation is the same or substantially related to the matter in which CMP acted as counsel for Debtors (3) that the interests of CMP's present client are materially adverse to those of Debtors; and (4) that Debtors have has not consented to CMP's representation of the present client. *See, e.g. Brown v. Robert C. Bouck, Inc.*, CIV. A. 94-2180-EEO, 1994 WL 401081 (D. Kan. July 19, 1994)

26. In this case, because the Debtors' bankruptcy is not "the same or substantially related to" the previous representation of Debtors by CMP, and because the Debtors have actually consented to CMP's representation of The Fountains, LLC, the Court must deny the Motion.

27. It is well established in this jurisdiction that "a motion to disqualify counsel deserves serious, conscientious, and conservative treatment." *Regent Ins. Co. v. Ins. Co. of N. Am.*, 804 F. Supp. 1387, 1390 (D. Kan. 1992).

28. Although "the burden of proof lies with the attorney or firm who is sought to be disqualified," the moving party "bears the initial burden of going forward with evidence sufficient to establish a prima facie case that a conflict exists." *Id.*

29. If the moving party meets its initial burden to establish a prima facie case that a conflict exists, "the trial court must conduct an evidentiary hearing and determine whether the attorney acquired material and confidential information during the prior representation." *Id.* (internal citations omitted). "The burden of proof lies with the attorney or firm who is sought to be disqualified." *Id.* "In order to sustain the motion to disqualify, the court must make a specific factual finding that the attorney had knowledge of material and confidential information acquired during the former representation. *Id.* at 1390-91.

30. In this instance, however, no such evidentiary hearing is necessary, as it is abundantly clear that the Debtors have failed to meet their initial burden. With regard to KRPC 1.9, it is axiomatic that "prior representation alone is insufficient to warrant disqualification for conflict of interest." *Regent Ins. Co. v. Insurance Co. of North America*, 804 F. Supp 1387 (D. Kan. 1992).

31. This principal is further reinforced by Comment 8 to KRPC 1.9, which states that "the fact that a lawyer has once served a client does not preclude the lawyer from using generally known information about that client when later representing another client." *Id.*

32. In this case, the basic facts are not in dispute regarding CMP's prior representation of Debtors. Specifically, Debtors only retained CMP for the limited purpose of forming the limited liability company Lads & Lassies, LLC, explaining the contents of a proposed lease, and drafting a Power of Attorney. Debtors' own Motion attaches the conflict waiver letter signed by counsel for Debtors on behalf of the Debtors.

33. Attached hereto as "Exhibit A" is an Affidavit of Clifford A. Cohen, the CMP attorney who assisted the Debtors in forming Lads & Lassies, LLC. As the Affidavit reflects, CMP did not obtain any actual knowledge of any confidential or material information about the Debtors or Lads & Lassies, LLC during the limited representation in 2010. This assertion was confirmed after making a thorough review of the Lads & Lassies, LLC file, and finding nothing of any personal or confidential material contained therein. **Exhibit A,** ¶7, ¶ 9.

34. Based upon the aforementioned Kansas law, the Debtors have failed to meet their initial burden of demonstrating "a prima facie case that a conflict exists" and therefore the Court cannot make a finding that there is a conflict of interest regarding CMP's representation of The Fountains, LLC. Accordingly, there is no justification for disqualifying CMP from its representation of The Fountains, LLC.

35. In fact, if any conflict of interest exists in this case, it seems clear from the facts before the Court that the law firm of Weisner & Frackowiack, LC has a direct conflict of interest with its own clients arising out of Mr. Frackowiack's representation that both his clients (Mr. and

Ms. Zimmer) agreed to waive any potential conflict of interest with CMP.

36. The facts are clear that Mr. Frackowiack represented to CMP, both orally and in writing that his clients consented to CMP's representation of The Fountains, LLC. Now, however, the Debtors allege that the same law firm which previously gave oral and written consent to the representation did not have authority to grant such consent. Accordingly, if any conflict exists in this case, the conflict is between the Debtors and their counsel.

WHEREFORE, Creditor The Fountains, LLC prays this Court deny the Motion to Disqualify Cohen McNeile & Pappas, P.C., and for such other and further relief as this Court deems fair and just.

Respectfully Submitted:

**COHEN MCNEILE & PAPPAS, P.C.**

/s/ Susan P. DeCoursey
Susan P. DeCoursey, #16272
Gregory J. Pappas, #11993
4601 College Boulevard, Suite 200
Leawood, KS 66211
913-491-4050  FAX: 913-491-3059
ATTORNEYS FOR CREDITOR
THE FOUNTAINS, LLC

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing was sent electronically through the Bankruptcy Court's ECF system on this 15th day of October, 2013, to all parties receiving electronic notification.

/s/ Susan P. DeCoursey
Susan P. DeCoursey, #16272

# AFFIDAVIT

STATE OF KANSAS ) 
                               ) ss.
COUNTY OF JOHNSON )

1. My name is Clifford A. Cohen, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

2. I am a partner in the law firm of Cohen McNeile & Pappas, P.C. ("CMP").

3. I have been licensed and actively practicing law in the State of Kansas since 1975 and am, and always have been in good standing with the Bar.

4. I was retained on or about December 1, 2010 by Donald E. Zimmer and Katharine C. Zimmer to form a Kansas limited liability company called Lads & Lassies, LLC.

5. The Zimmers requested me to review the proposed Lads & Lassies, LLC lease with The Fountains, LLC only to explain the contents of the proposed lease. I advised the Zimmers that I would not negotiate any terms of the proposed lease due to CMP's representation of The Fountains, LLC.

6. The Zimmers also requested me to prepare a Power of Attorney for Mr. Zimmer.

7. During the course of my limited representation of the Zimmers, I did not obtain any actual knowledge of any confidential or material information about the Zimmers or Lads & Lassies, LLC. I made a thorough review of the Lads & Lassies, LLC file and there is nothing of that nature contained therein.

8. My representation concluded after forming the LLC and drafting the Power of Attorney for the Zimmers, and I had no further business dealings with the Zimmers and/or Lads & Lassies, LLC thereafter.

9. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

                                                                       Clifford A. Cohen

In witness whereof I have hereunto subscribed my name and affixed my official seal this 15 day of October, 2013.

                                                                        Notary Public

My Commission Expires:



JOYCE DAVIS
MY COMMISSION EXPIRES
January 18, 2017

EXHIBIT A